IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MATTHEW SHAWN IZENBERG, ) | |
| ) | Civil No. 2:07-CV-0061 BSJ |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

\* \* \* \* \* \* \* \* \*

On February 5, 2007, petitioner Matthew Shawn Izenberg commenced this proceeding by filing his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (dkt. no. 1) (hereinafter referred to as Izenberg's "Motion"). Izenberg has asserted three grounds as the bases of his Motion.[1] In his first and third grounds, Izenberg argues that he has not received proper credit for certain time that he served in federal custody while he was awaiting the outcome of his case.[2] In his second ground, Izenberg argues that the Sentencing Guidelines were not correctly applied in his case.[3] For the reasons set forth below, the court dismisses Izenberg's Motion.

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to

---

[1](Motion, at 5-8.)

[2](*Id.* at 5, 8.)

[3](*Id.* at 6.)

receive credit for certain time spent in official detention before his sentence begins."[4] Because the computation of the credit a federal defendant is entitled to "must occur after the defendant begins his sentence[,]" a "district court . . . cannot apply § 3585(b) at sentencing."[5] Instead, the Attorney General, through the Bureau of Prisons, is responsible for administering a prisoner's sentence and calculates the amount of § 3585(b) credit a prisoner will receive after the prisoner has started serving his federal sentence.[6] In *Wilson*, the Court indicated that "[c]rediting jail time against federal sentences long has operated in this manner."[7] The Court further explained that:

> Federal regulations have afforded prisoners administrative review
> of the computation of their credits, see 28 CFR §§ 542.10-542.16
> (1990); *Lucas*, [898 F.2d 1554, 1556 (11th Cir. 1990)], and prisoners
> have been able to seek judicial review of these computations after
> exhausting their administrative remedies, see *United States v. Bayless*,
> 940 F.2d 300, 304-305 (CA8 1991); *United States v. Flanagan*, 868 F.2d
> 1544, 1546 (CA11 1989); *United States v. Martinez*, 837 F.2d 861, 865-
> 866 (CA9 1988).[8]

---

[4]*United States v. Wilson*, 503 U.S. 329, 330 (1992). Specifically, § 3585(b) provides:

> **(b) Credit for prior custody.** A defendant shall be given credit
> toward the service of a term of imprisonment for any time he has
> spent in official detention prior to the date the sentence commences --
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested
>   after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (2000).

[5]*Wilson*, 503 U.S. at 333.

[6]18 U.S.C. §§ 3586, 3621 (2000); *Wilson*, 503 U.S. at 335.

[7]*Wilson*, 503 U.S. at 335.

[8]*Id.* at 335-36.

2

Thus, before a prisoner may pursue the issue of credit for time served in federal district court, he must first avail himself of the administrative remedies within the Bureau of Prisons.[9] After exhausting his administrative remedies, a prisoner may then seek judicial review of the computation of his credit for time served.[10]

In his Motion, Izenberg has not set forth any well-pleaded facts that establish that he has exhausted his administrative remedies and has not presented any grounds on which the court could determine that resort to the administrative process would be futile for Izenberg. The court, therefore, concludes that before Izenberg may raise his issue regarding credit for time served in this court, or in any federal court, he must first avail himself of his administrative remedies within the Bureau of Prisons.

In addition, this court lacks subject-matter jurisdiction over grounds one and three of Izenberg's § 2255 motion because those grounds challenge the execution of his sentence rather than the validity of the sentence itself. A petition under § 2255, while appropriate to challenge the validity of a sentence, is not an available means by which a defendant may challenge the manner in which the sentence is being executed.[11] If, after exhausting his administrative

---

[9]*See* 28 C.F.R. §§ 542.10-542.16 (2006). Ordinarily, a prisoner must first raise his issue of concern with the Warden. 28 C.F.R. § 542.14. Then, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director" and thereafter, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel" of the United States Bureau of Prisons. 28 C.F.R. § 542.15(a).

[10]*Wilson*, 503 U.S. at 335-36.

[11]*See United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987) ("Hutchings in his § 2255 motion attacked the execution of his sentence, *i.e.*, the lawfulness of his sentence as it is being executed . . . rather than the validity of the sentence itself. Such an attack on the execution of the sentence is not properly cognizable in a § 2255 motion."); *Brown v. United States*, 610

3

remedies, Izenberg is not satisfied with the outcome, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate means by which he should challenge the execution of his federal sentence.[12] Such a motion "must be filed in the judicial district within which . . . the prisoner's custodian is located."[13]

Because Izenberg has failed to exhaust the administrative remedies available to him with respect to the issue of credit for time served, and because the court lacks subject matter jurisdiction over Izenberg's § 2255 Motion to the extent it challenges the execution of his sentence rather than the validity of the sentence, the court has determined that dismissal of the portions of Izenberg's Motion that are based on his claim that he has not received proper credit for time served (grounds one and three) is appropriate.

In addition, the court has determined that Izenberg's claim that the sentencing guidelines were not properly applied in his case, as set forth in ground two of his Motion, should be dismissed because Izenberg is procedurally barred from raising that issue, for the first time, in this court.

In his Motion, Izenberg acknowledges that he did not appeal his sentence. Thus, instead

---

F.2d 672, 677 (9th Cir. 1980) ("The district court was without jurisdiction to reach the merits of these claims in the context of the § 2255 proceedings. A petition under § 2255 can test only the sentence imposed and not the sentence 'as it is being executed.'"); *see Moresco v. United States*, 1992 U.S. App. LEXIS 32819, *3 (10th Cir. Dec. 10, 1992) ("[A] habeas petition under § 2255 may only challenge the validity of a sentence, not the manner in which the sentence is being executed.").

[12]*Hutchings*, 835 F.2d at 186-87 ("Hutchings's attack on the execution of his sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."); *see Moresco*, 1992 U.S. App. LEXIS 32819 at *3 ("A prisoner may attack the execution of his sentence by means of a habeas petition under 28 U.S.C. § 2241(a).")

[13]*Hutchings*, 835 F.2d at 187.

4

of presenting the issue of whether he was properly sentenced under the guidelines on appeal, Izenberg raised the issue for the first time in his § 2255 Motion.

Section 2255 cannot be used to test the legality of matters that should have been raised on appeal.[14] Where a defendant fails to present an issue on direct appeal, the defendant

> is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.[15]

This procedural bar not only applies to a defendant's attack on his conviction, but also to a defendant's collateral attack on his sentence.[16]

In this case, the government has raised this procedural bar.[17] The court, therefore, "must enforce [the bar] and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown."[18] Izenberg claims that he did not previously raise the issue of whether he was properly sentenced under the guidelines on direct appeal because he was told by his attorney that the sentence imposed "was a good deal."[19] The fact that Izenberg may have been advised by his attorney not to appeal his sentence is not sufficient to demonstrate "cause"

---

[14] *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

[15] *Id.*

[16] *Id.*

[17] (*See* Government's Response to Matthew Shawn Izenberg's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody ("Government's Response") (dkt. no. 4), at 4.)

[18] *Allen*, 16 F.3d at 378.

[19] (Motion, at 7.)

for not raising the issue on direct appeal.[20] In addition, Izenberg has not made any allegations to establish that there was a fundamental miscarriage of justice that justifies an exception to the procedural bar. To the contrary, as the United States Attorney argues in the Government's Response to Izenberg's Motion, the twelve-month sentence that was imposed on Izenberg was within the appropriate guideline range of imprisonment for his violation of probation, given his criminal history category and the grade of his violation.[21]

For these reasons, the portions of Izenberg's Motion based on his claim that he has not received proper credit for time served in federal custody (grounds one and three) are hereby DISMISSED without prejudice, and the portion of Izenberg's Motion based on his claim that the Sentencing Guidelines were not correctly applied in his case (ground two) is hereby DISMISSED with prejudice.

SO ORDERED this 23 day of March, 2007.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge

---

[20] In order to establish good cause for not raising the issue on appeal, Izenberg must show some external impediment preventing the claim from being raised. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Lucas*, 1993 U.S. App. LEXIS 1368, **4-5 (10th Cir. Jan. 27, 1993) ("To establish cause, there must be a showing of some external impediment preventing a claim from being raised. See *Murray v. Carrier*, . . . . Ignorance or inadvertence does not constitute cause, nor does failure to recognize the factual or legal basis for a claim." (citation omitted)).

[21] U.S.S.G. § 7B1.4 (2006); Government's Response, at 4.

6